**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 18-CR-00148-01-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LAKENDRIA NICOLE GOINGS (01)** <br> **DAVID RAY JOHNSON (02)** | **MAGISTRATE JUDGE HAYES** |

**RULING**

Pending before the Court are Defendants Lakendria Nicole Goings's ("Goings") and David Ray Johnson's ("Johnson") (collectively "Defendants") *pro se* Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. Nos. 224, 225]. Goings and Johnson based their motions on various claims of ineffective assistance of counsel, which include allegations of *Batson* violations, a prosecutorial conflict of interest, failing to object to the legality of their sentences and failing to properly investigate their claims, all of which are meritless. For the following reasons, the Court denies the Defendants' motions.

**I.      FACTUAL AND PROCEDURAL HISTORY**

The Defendants were involved in several armed robberies of banks and credit unions from about November 10, 2017, until December 18, 2017. [Doc. No. 1, p. 1]. On November 10, 2017, the Defendants robbed $17,307 from the Guaranty Bank & Trust Company located in Epps, Louisiana. [Doc. Nos. 1, p. 2; 214, p. 4]. The teller on duty buzzed Goings into the lobby, after which Goings pointed a gun at her and ordered her to fill a bag with money and to buzz Johnson inside. [Doc. No. 214, p. 4]. Johnson entered with his firearm once the teller buzzed him into the lobby. [Doc. No. 214, p. 4]. The robbery was captured on the bank's security camera footage, and the audio was captured on the bank's ATM machines. [Doc. No. 214, p. 4]. Police

were able to obtain Johnson's DNA on a glove and firearm that were found along the escape route Defendants used after the robbery. [Doc. No. 214, p. 4].

On November 27, 2017, Defendants robbed $12,756 from the Barksdale Federal Credit Union located in Cotton Valley, Louisiana. [Doc. Nos. 1, p. 3; 214, p. 5]. Goings entered first, went to the teller window, and yelled at the teller to fill the bag. [Doc. No. 214, p. 4]. Johnson, armed with a gun, unsuccessfully tried to enter the supervisor's office, but then went towards the teller, pointing a gun at her. [Doc. No. 214, p. 4]. Johnson forced the teller to empty two cash drawers. [Doc. No. 214, p. 4]. This robbery was also captured by security cameras. [Doc. No. 214, p. 4]. Coins from this robbery were later found in Goings's SUV. [Doc. No. 214, p. 5].

On December 18, 2017, Defendants robbed $28,447 from the Winnsboro State Bank in Gilbert, Louisiana. [Doc. Nos. 1, p. 4; 214, p. 5]. The Franklin Parish Sheriff's Office was alerted to the robbery by radio, and an officer engaged in a car chase with the Defendants who were trying to escape in Goings's SUV. [Doc. No. 214, p. 5]. During this car chase, Johnson was aiming an AR-15 at the officer and firing a handgun at him. [Doc. No. 214, p. 5]. The SUV crashed, and the Defendants were apprehended. [Doc. No. 214, p. 5]. The stolen money from the Winnsboro State Bank was found in the car. [Doc. No. 214, p. 5].

On June 27, 2018, Defendants were indicted by a federal grand jury for eight counts against Goings and nine counts against Johnson. [Doc. No. 1]. Count One charged both Defendants with conspiracy to violate 18 U.S.C. § 924(c). *Id.* Counts Two, Five, and Seven charged both Defendants with bank robbery by force or violence. *Id.*, 18 U.S.C. §§ 2113(a), (d), and § 2. Counts Three, Six, and Eight charged them with violating 18 U.S.C. § 924(c). *Id.* Counts Four and Nine charged Johnson with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Id.*

2

Michael Dubos was appointed to represent Goings. [Doc. No. 16]. Walter Caldwell ("Caldwell") was appointed to represent Johnson. [Doc. No. 26]. Goings entered a plea of not guilty on all counts on July 11, 2018. [Doc. No. 20]. Johnson entered a plea of not guilty on all counts on July 13, 2018. [Doc. No. 29] Johnson filed a *pro se* motion asking for appointment of a different attorney or for the opportunity to hire another attorney on June 19, 2019. [Doc. No. 64]. Magistrate Judge Hayes denied Johnson's motion on June 26, 2019, and Caldwell remained Johnson's counsel. [Doc. Nos. 92, 230]. Judge Hayes determined there was no conflict of interest, and another attorney could do no more than Caldwell had already done. [Doc. No. 230, p. 5-6, 10-12].

A federal grand jury also returned a superseding indictment for the Defendants on June 26, 2019. [Doc. No. 82]. Count One charged the Defendants with conspiracy to violate 18 U.S.C. § 924(c). *Id.* Count Two charged them with violating 18 U.S.C. §§ 2113(a), (d), and § 2 in relation to the robbery of Guaranty Bank & Trust Company. *Id.* Count Three charged them with violating 18 U.S.C. § 924(c) in relation to the robbery of Guaranty Bank & Trust Company. *Id.* Count Five charged them with violating 18 U.S.C. §§ 2113(a), (d), and § 2 in relation to the robbery of Barksdale Federal Credit Union. *Id.* Count Six charged them with violating 18 U.S.C. § 924(c) in relation to the robbery of Barksdale Federal Credit Union. *Id.* Count Seven charged them with violating 18 U.S.C. §§ 2113(a), (d), and § 2 in relation to the robbery of Winnsboro State Bank. *Id.* Count Eight charged them with violating 18 U.S.C. § 924(c) in relation to the robbery of Winnsboro State Bank. *Id.* Counts Four and Nine charged Johnson specifically with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Id.*

Goings filed a motion to quash the superseding indictment on July 7, 2018, and Johnson adopted the motion to quash on July 11, 2018. [Doc. No. 95]. On July 23, 2019, the Court

granted in part Defendants' motions to quash the indictment and ordered Count One of the superseding indictment quashed. [Doc. Nos. 95, 109, 117]. On July 24, 2019, the Government filed a motion for reconsideration on the Court's order on the Defendant's motions to quash. [Doc. No. 119]. The Court denied this motion for reconsideration on July 26, 2019. [Doc. No. 126].

The Defendants went to trial from July 29, 2019, to August 1, 2019. [Doc. Nos. 131, 133, 134, 142, 195, 196, 197, 198]. On August 1, 2019, a jury found Johnson guilty of Counts Two through Nine and Goings guilty of Counts Two, Three, and Five through Eight. [Doc. No. 151, 152]. On November 6, 2019, Johnson was sentenced to a total of 498 months' imprisonment and roughly $31,300 in fines. [Doc. No. 171]. On November 7, 2019, Goings was sentenced to a total of 339 months' imprisonment and roughly $31,000 in fines. [Doc. No. 177].

Both Defendants appealed. [Doc. Nos. 175, 180]. Johnson filed his notice of appeal on November 8, 2019. [Doc. No. 175]. Johnson's appointed counsel for his appeal was Christopher Aberle. [Doc. No. 184]. Goings filed her notice of appeal on November 12, 2019. [Doc. No. 180]. Goings's appointed counsel for her appeal was Elizabeth Dougherty. [Doc. No. 186]. On March 3, 2021, the United States Court of Appeals for the Fifth Circuit affirmed the Defendants' convictions and sentences. [Doc. No. 214]. The Defendants filed almost identical motions to vacate, set aside, or correct sentence under 18 U.S.C. § 2255 on May 13, 3022. [Doc. Nos. 224, 225]. The Government filed its response to the motions on June 14, 2022.  [Doc. No. 231].

The issues are briefed, and the Court is prepared to issue a ruling.

## II.     LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set

4

aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of

the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice to the defendant. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of

*Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### III. ANALYSIS

The Court finds that Goings's and Johnson's multiple claims of ineffective assistance of counsel fail and should be denied due to their inability to satisfy the two-prong *Strickland* standard. The Defendants failed to overcome either the "highly deferential" judicial scrutiny or reasonable probability required under *Strickland*. Further, the Court believes that Johnson's claim that his attorney had a conflict of interest fails due to Magistrate Judge Hayes determining there was no conflict at a prior hearing. Even though the Court finds these claims meritless, each will be analyzed below.

#### A. Ineffective Assistance of Counsel Claims

Both Goings and Johnson assert multiple bases for ineffective assistance of counsel as the backbone to their Section 2255 Motions. These bases include ineffective assistance during *voir dire* (an alleged *Batson* violation), failing to object to illegal stacking under § 924(c)(1), failing to investigate, failing to make objections, and ineffective assistance by appellate counsel. [Doc. Nos. 224, p. 5-14; 225, p. 5-15]. In its response to Defendants' motions, the Government argues

7

that the record fails to support either Defendant's motion because there was no indication that counsel was ineffective. [Doc. No. 231, p. 1, 14]. Specifically, the Government asserts that the Defendants have failed to refute the effectiveness of their attorneys with anything from the record. [*Id.* at p. 14]. The Court agrees.

The Defendants were required to meet the two-prong test for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668. They must have first overcome the "highly deferential" judicial presumption that, under the circumstances, the challenged action was sound trial strategy. *Anderson*, 18 F.3d at 1215 (citing *Strickland*, 466 U.S. at 689). Then, they were required to establish actual prejudice and that there was a reasonable probability their sentences would have been different if not for their counsels' actions. *Strickland*, 466 U.S. at 694. The Court finds that the Defendants failed to meet either prong on all claims.

### 1. Goings's and Johnson's attorneys failed to properly raise *Batson* claims during *voir dire*.

Goings and Johnson both argue their attorneys were ineffective for failing to raise *Batson* challenges during the *voir dire* of their jury. [Doc. No. 224, p. 5; 225, p. 5]. They both claim to have notified their attorneys that the Government was removing all colored individuals but were told it did not matter. *Id.* The Government argues there was no indication of ineffectiveness, and the Defendants have failed to present any specifics to support these conclusory allegations. [Doc. No. 231, p. 8]. Citing to *Jackson v. Cain*, 2011 WL 870060 (E.D. La. Feb. 15, 2011), the Government correctly points out that defendants present during *voir dire* who fail to provide evidence of the jury composition when the record lacks evidence of the racial composition will not prevail on mere conclusory allegations. [Doc. No. 231, p. 8-9].

There was no information in the transcript regarding the racial composition of the jury, nor did either of the Defendants' motions provide such information. The Defendants also failed

to establish how they were prejudiced by any actions of their attorneys during the *voir dire*. They both simply stated there was not a fair trial. This is insufficient. Thus, the Court finds that Goings and Johnson have presented nothing to show their attorneys were ineffective during *voir dire*.

### 2. Goings and Johnson were subject to illegal stacking under 18 U.S.C. § 924(c)(1), the "First Step Act."

Goings and Johnson claim both their trial and appellate attorneys were ineffective in failing to identify and object to illegal stacking of their counts. [Doc. No. 224, p. 6; 225, p. 6]. They claim to have notified both their trial attorneys and appellate attorneys on multiple occasions that the court had "duplicated the same charges," in violation of the First Step Act. *Id.* The Government argues that this claim is "baseless" because "the Defendants were not subject to illegal stacking." [Doc. No. 231, p. 9]. The Court agrees.

According to the First Step Act, stacking is allowed under 18 U.S.C. § 924(c)(1) when a prior conviction is final, triggering the 25-year minimum sentence. 18 U.S.C. § 924(c)(1)(C)(i). It does not apply when there are simultaneous § 924(c)(1) charges. *United States v. Gomez*, 960 F.3d 173, 176-177 (5th Cir. 2020). The Government correctly pointed out that the 25-year minimum sentence did not apply to Defendants because the mandatory minimum for their respective § 924(c) charges were seven and ten years. [Doc. No. 231, p. 9]. This, paired with the fact that there were simultaneous § 924(c)(1) charges, establishes the 25-year minimum sentence does not apply. Thus, the Court finds that Goings and Johnson were not subject to illegal stacking under 18 U.S.C. § 924(c)(1).

### 3. Goings's and Johnson's attorneys failed to properly investigate their cases.

Goings and Johnson argue that their attorneys did not properly investigate their claims by failing to use a private investigator to review bank footage, analyze ballistic and fingerprint data,

9

or verify alibi witnesses. [Doc. No. 224, p. 8; 225, p. 8]. The standard for ineffective assistance claims regarding investigation from *Strickland* is as follows:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 691.

While an attorney is required to reasonably investigate his client's claims, a court cannot address an ineffective assistance of counsel claim without a defendant providing specific facts or evidence that would have been uncovered by counsel. *Anderson*, 18 F.3d at 1221. Without a defendant providing sufficient evidence of what could be uncovered, his claim is futile. *Id.* Neither Goings nor Johnson have presented anything regarding what their attorneys could have presented at either trial. Goings attempts to assert the alibi witnesses would have proven she was not involved in the robberies, but she fails to specifically suggest what information these witnesses would have provided. [Doc. No. 224, p. 8]. The record reflects that the Defendants were only able to suggest that the information needed to be reviewed to verify the findings, not that there was any specific finding to be had. These suggestions lack the required specificity.

Without specific evidence presented, the Court finds that Goings and Johnson have presented no independent facts to support their allegations that their attorneys did not fully investigate their cases.

### 4. Goings's and Johnson's attorneys failed to properly object throughout the trial.

Goings and Johnson both assert that their attorneys were ineffective in failing to object to several instances where the "prosecution and witnesses were misinforming the jury." [Doc. No. 224, p. 9; 225, p. 9]. They claim that the jury was presented with misinformation about the

location of the gun, DNA evidence linking them to the gun, and who the "actual" suspect was. [Doc. No. 224, p. 9; 225, p. 9]. The Fifth Circuit opinion, as the Government points out, establishes that any objections to this information would have been baseless. [Doc. No. 231, p. 12-13]. The Defendants failed to provide any independent grounds for an objection to this information or how the information was incorrect. The Defendants also failed to establish how the lack in objections prejudiced them at trial. Thus, the Court finds that Goings's and Johnson's trial attorneys were not ineffective.

### 5. Goings's and Johnson's appellate attorney was ineffective during their appeal process.

Goings's and Johnson's final claim for ineffective assistance relates to their appellate attorneys. The Defendants assert that their appellate attorneys were ineffective for not raising the above claims. [Doc. No. 224, p. 11; 225, p. 11, 15]. Johnson further asserts that his appellate attorney was ineffective because he refused to challenge the trial attorney since the trial attorney was running to be a judge. [Doc. No. 225, p. 15]. The Government argues that, because the *Strickland* standard applies to claims of ineffective assistance of counsel on appeal and the above claims are "meritless," the appellate attorneys were not ineffective. [Doc. No. 231, p. 13]. The Court agrees.

The appellate attorneys must be analyzed under the same objective reasonableness standard as trial attorneys under *Strickland*. To qualify as deficient, the challenge on appeal must have been "sufficiently meritorious" that it should have been raised by the attorney. *United States v. Phillips*, 210 F. 3d 345, 348 (5th Cir. 2000). Because none of the above claims qualified the trial attorneys as ineffective, a reasonable appellate attorney could have decided not to raise them on appeal. The Defendants failed to establish how this likely reasonable decision could

11

have prejudiced them. Thus, the Court finds that Goings and Johnson have failed to establish ineffectiveness on behalf of their appellate counsel.

### B. Johnson's Conflict of Interest Claim

Johnson asserts that he and his attorney had a conflict of interest of which Magistrate Judge Hayes was made aware. [Doc. No. 225, p. 8]. The record establishes that Magistrate Judge Hayes did not consider there to be a conflict of interest. [Doc. No. 230]. The Court specifically stated that "The record doesn't agree with [Johnson]." [Doc. No. 230, p. 3]. The Court further articulated that Johnson failed to present a "good enough" or specific reason for replacing his attorney. [Doc. No. 230, p. 5-6]. The Court refused to remove Johnson's attorney and asked Johnson to work with his attorney to resolve the communication issues. [Doc. No. 230, p. 3-4, 5-7, 10-12, 13-16].

The Court agrees with Magistrate Judge Hayes and finds there was no conflict of interest between Johnson and his attorney.

### C. Evidentiary Hearing

Although neither party requests an evidentiary hearing, the Court still notes that this matter can be decided without an evidentiary hearing because Defendants have presented nothing showing that there are any viable issues within the motions. Therefore, even if an evidentiary hearing were requested, the request would be denied.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Lakendria Goings's ("Goings") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 224] and Defendant David

Johnson's ("Johnson") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 225] are **DENIED** and **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 7th day of July 2022.

                                              TERRY A. DOUGHTY
                                              U.S. DISTRICT JUDGE